Charles W. MORGAN, Plaintiff-Appellee,

v.

COMMERCIAL UNION ASSURANCE COMPANIES et al.,
Defendants-Appellants.

No. 77–2247.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1979.

Before WISDOM, HILL and VANCE, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Invoking our diversity jurisdiction, 28 U.S.C. § 1332 (1976), Charles W. Morgan, appellee, won a jury verdict of $65,000 for back injuries allegedly sustained by him in an automobile accident. Appellant Commercial Union seeks reversal of the judgment below, claiming that (1) the trial court erroneously excluded an important impeachment witness; and (2) the verdict was excessive. We think that the trial court correctly rejected both of these arguments, and accordingly affirm its judgment.

The trial below was preceded by a pre-trial conference, see Fed.R.Civ.P. 16, at which the trial judge ordered disclosure by both parties of all prospective witnesses except "rebuttal witnesses." Appellant's first argument turns exclusively on the meaning of the phrase "rebuttal witness." During the trial, appellee testified on his own behalf that, prior to the accident giving rise to this suit, he had never before in his life had any trouble with his back. This statement, it is contended, bordered on perjury. Appellant sought to impeach appellee's testimony with that of one Dr. Hovnatanian, who had treated appellee for a back disorder before the accident giving rise to this suit. Counsel for appellee objected to the use of Dr. Hovnatanian as a witness, because his identity had not been disclosed as required by the pre-trial order. Appellant contends that disclosure was not required, because Dr. Hovnatanian was a "rebuttal witness."

It is patent that Dr. Hovnatanian was not a "rebuttal witness." Rebuttal is a term of art, denoting evidence introduced by a *plaintiff* to meet new facts brought out in his opponent's case in chief. *See, e. g., Mersel v. United States,* 420 F.2d 517, 520 (5th Cir. 1969); *McVey v. Phillips Petroleum Co.,* 288 F.2d 53, 54 (5th Cir. 1961). *See generally* 6 J. Wigmore, Evidence § 1873 (Chadbourn Rev.Ed.1976). We recognize that boilerplate Rule 16 orders have

James T. Trimble, Jr., Alexandria, La., for defendants-appellants.

Robert B. Neblett, Jr., George A. Flournoy, Alexandria, La., for plaintiff-appellee.

engendered confusion as to its meaning, *see, e. g., Laird v. Hudson Engineering Corp.,* 449 F.2d 216, 222 (5th Cir. 1971) (O'Sullivan, J., dissenting), *cert. denied,* 405 U.S. 955, 92 S.Ct. 1177, 31 L.Ed.2d 232 (1972); *Clark v. Pennsylvania Railroad Co.,* 328 F.2d 591, 593–94 (2d Cir.), *cert. denied,* 377 U.S. 1006, 84 S.Ct. 1943, 12 L.Ed.2d 1054 (1964), and that even in this case the pre-trial order's specific reference to "rebuttal witnesses" almost certainly was meant also to embrace witnesses that in an earlier era would have been classified "rejoinder," "re-rebuttal," and so on. However that may be, a defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a "rebuttal witness," or anything analogous to one.

■ In a case such as this one, where a plaintiff asserts that the incident under investigation was the producing cause of his back condition, it is to be expected that he will maintain that position at trial. Where the defense position is that the incident did not produce the condition, it is a part of its case in chief to demonstrate that the condition, if real, was pre-existent. It is true that the pre-existence of the condition might be demonstrated in various ways. The plaintiff might admit it. The physician who discovered it on earlier examination may be called to testify to its pre-existence. But simply because one method fails, the other does not become "rebuttal." Insofar as defendants are concerned, the "rebuttal" concept—which is more properly styled "re-joinder"—appertains only in response to a plaintiff's rebuttal, if any there be. We hold that Dr. Hovnatanian was not a "rebuttal witness."

Because of its steadfast insistence that the pre-trial order did not require disclosure of Dr. Hovnatanian, appellant has not ar-

gued that the trial court abused its discretion in excluding Dr. Hovnatanian's testimony *despite* the order. *See, e. g., Meyers v. Pennypack Woods Home Ownership Association,* 559 F.2d 894, 904–05 (3d Cir. 1977); *Davis v. Duplantis,* 448 F.2d 918, 921 (5th Cir. 1971); *Napolitano v. Compania Sud Americana De Vapores,* 421 F.2d 382, 385–86 (2d Cir. 1970); *Texas and Pacific Ry. Co. v. Buckles,* 232 F.2d 257, 260 (5th Cir.), *cert. denied,* 351 U.S. 984, 96 S.Ct. 1052, 100 L.Ed. 1498 (1956). We decline to raise the question sua sponte.[1]

■ Appellant argues finally that the verdict was excessive. The record contains no evidence of future lost earnings, and only non-specific allusions to possible future medical expenses. Except, therefore, for some $600 for past medicals and lost earnings, the remainder of the $65,000 verdict ostensibly was compensation for pain and suffering. Although we find that amount exceedingly generous, it has not placed us in "shock," *Smith v. Piedmont Aviation, Inc.,* 567 F.2d 290, 292 (5th Cir. 1978), and we cannot say that the trial court "clearly abused" its discretion in declining to set the verdict aside. *See, e. g., Givens v. Lederle,* 556 F.2d 1341, 1346 (5th Cir. 1977). Appellant's own expert testified that, in his opinion, appellee was suffering back pain, and that the accident had aggravated a pre-existing condition. "Translating pain and anguish into dollars can, at best, be only an arbitrary allowance. . . ." C. McCormick, Damages § 388, at 318 (1935). Appellant has offered no evidence of jury misconduct as would mandate a new trial.

AFFIRMED.

---

1. We may well have here an example of the parties playing games with pre-trial discovery and disclosure. The defendant may have wished for the plaintiff to overstate his case by intentionally concealing his pre-existing back condition and treatment for same. By leaving Dr. Hovnatanian's name off the witness list, the defendant may have tempted him to do so, leaving him vulnerable to dramatic impeachment by the good doctor's testimony. For the plaintiff's part, once the defendant failed to list Dr. Hovnatanian as a witness, he may have depended upon the judge's strict adherence to the pre-trial order as a license to conceal that which he believed the defense would not be allowed to prove. Our discovery and disclosure laws and rules, designed to end trial by ambush, do provide hiding places for modern "bushwackers." They are, however, the law.