15 F.3d 1159
 304 U.S.App.D.C. 428
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Anna HEATHERLY, Appellant,
v.
Ernest M. ZIMMERMAN, M.D., Appellee
 No. 92-7050.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 10, 1993.
Suggestion for Rehearing In Banc
Denied April 8, 1994.*
 
 Before: BUCKLEY, GINSBURG and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was heard on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set out in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).
 
 MEMORANDUM
 
 4
 In the district court, Anna Heatherly brought suit against Dr. Ernest Zimmerman, M.D., alleging that his negligence in failing to diagnose and treat her pituitary tumor caused the loss of her peripheral vision. After the jury returned a verdict for Dr. Zimmerman, Heatherly appealed several of the district court's evidentiary rulings. As set forth below, we conclude that the district court's evidentiary rulings did not constitute an abuse of discretion. Accordingly, the jury verdict for Dr. Zimmerman stands.
 
 
 5
 At trial, Dr. Zimmerman presented several expert witnesses who testified that he had not been negligent in failing to detect Heatherly's tumor and that the tumor had not caused Heatherly's peripheral vision loss. In preparing for trial, each of Dr. Zimmerman's non-treating experts had reviewed, among numerous other reports and tests, a medical report and visual field test generated by Dr. Neil Miller. Dr. Miller's report expressed his opinion that Heatherly's tumor was not affecting her vision in 1985-87, the years in which Heatherly claims Dr. Zimmerman was negligent in failing to detect the tumor, and his 1989 visual field test indicated that Heatherly had not suffered a serious peripheral vision loss.
 
 
 6
 After both Heatherly and Dr. Zimmerman had rested their cases, Dr. Miller informed Heatherly's lawyer that he could no longer warrant the accuracy of his medical report and visual field test. Armed with this new information, Heatherly sought to call Dr. Miller to the stand as a rebuttal witness. The district court refused to allow Dr. Miller's testimony, ruling that it was improper rebuttal. Furthermore, the court told Heatherly that if she chose to call Dr. Miller to the stand and a new trial were required as a result (which was likely), she would have to pay Dr. Zimmerman's litigation expenses incurred to that point.[1] Given this choice, Heatherly decided not to call Dr. Miller as a rebuttal witness.
 
 
 7
 Heatherly also attempted to call her chief expert witness, Dr. Savino, as a rebuttal witness. Dr. Savino proffered testimony that would rebut the opinions of Dr. Zimmerman's experts that Heatherly's tumor was not detectible when she was being treated by Dr. Zimmerman. The trial judge excluded much of Dr. Savino's proffered testimony.
 
 
 8
 Heatherly raises two arguments on appeal. First, Heatherly argues that the district court abused its discretion by excluding rebuttal testimony on the central issues of the case. Second, Heatherly argues that the court abused its discretion by threatening Heatherly with Dr. Zimmerman's litigation expenses as the cost of introducing Dr. Miller's proffered rebuttal testimony. We are not persuaded by either of Heatherly's arguments.
 
 
 9
 We afford trial judges a great measure of deference in our review of their evidentiary rulings and reverse only if the rulings are "clearly unreasonable, arbitrary or fanciful." See Carey Canada, Inc. v. Columbia Gas Co., 940 F.2d 1548, 1559 (D.C.Cir.1991). We conclude that here they are not.
 
 
 10
 The district court did not abuse its discretion in excluding Dr. Miller's proffered testimony. Rebuttal evidence is appropriate only if it is offered in response to evidence first presented to the court during the defendant's case. See Morgan v. Commercial Union Assurance Cos., 606 F.2d 554, 555 (5th Cir.1979) ("Rebuttal is a term of art, denoting evidence introduced by a plaintiff to meet new facts brought out by [the] opponent's case in chief."). Dr. Miller's proffered testimony does not meet this requirement. Heatherly's expert witness, Dr. Savino, testifying in her case-in-chief, referred to Dr. Miller's medical report and attempted to explain it away by testifying that Dr. Miller had not looked at a key visual field test before compiling the report. Therefore, Dr. Miller's proffered repudiation of his report was not offered in response to evidence first presented during Dr. Zimmerman's case; it was offered to buttress Dr. Savino's testimony presented during Heatherly's case-in-chief. Testimony of this sort is not proper rebuttal testimony. Accordingly, the trial court did not abuse its discretion in excluding Dr. Miller's repudiation of his medical report.
 
 
 11
 Similarly, the district court did not abuse its discretion in excluding Dr. Miller's repudiation of his visual field test. Heatherly herself, not Dr. Zimmerman, introduced the visual field test into evidence. Heatherly attempted to introduce Dr. Miller's proffered rebuttal testimony to buttress Dr. Savino's statement, made during Heatherly's case-in-chief, that the visual field test was inaccurate; Dr. Miller's proffered testimony was not an attempt to respond to new facts presented by Dr. Zimmerman to show that the test was accurate. Because Dr. Miller's proffered testimony was not offered in response to defense evidence, it is outside the scope of proper rebuttal.[2]
 
 
 12
 Furthermore, the trial court did not abuse its discretion in excluding Dr. Savino's rebuttal testimony. Outside the presence of the jury, Heatherly's lawyer made a detailed proffer of Dr. Savino's proposed testimony. The court found that the majority of Dr. Savino's proffered testimony merely repeated points he had already made during his earlier testimony. Accordingly, the court restricted his rebuttal testimony to the one subject raised by the defense which he had not addressed during his earlier testimony. The court's exclusion of Dr. Savino's repetitive testimony was proper under the Federal Rules of Evidence, which prohibit the "needless presentation of cumulative evidence." See Fed.R.Evid. 403.
 
 
 13
 Finally, we review under the abuse of discretion standard the trial judge's proposal to condition the admission of Dr. Miller's testimony on Heatherly's agreement to pay Dr. Zimmerman's litigation expenses. See Lipsig v. National Student Mktg. Corp., 663 F.2d 178, 182 n. 34 (D.C.Cir.1980) (trial court's award of costs may not be reversed "save for legal error or abuse of discretion"). The trial judge's conditional offer to allow Dr. Miller's testimony did not constitute an abuse of discretion; instead, it reflected her appropriate weighing of the costs and benefits of allowing Dr. Miller's testimony.
 
 
 14
 If the trial court had allowed Dr. Miller to testify as to the inaccuracy of his report and visual field test, it would also have had to consider Dr. Zimmerman's inevitable motion for a new trial so that he could investigate the new evidence and respond to it as part of his case-in-chief. Starting the trial over would have resulted in significant additional costs to the parties, and particularly to Dr. Zimmerman, to whom Dr. Miller's proposed new testimony was a complete and perhaps unfair surprise. On the other side of the scale, the trial court could reasonably have concluded that the introduction of Dr. Miller's proffered rebuttal testimony would not have affected the jury's verdict. Dr. Zimmerman presented four non-treating expert witnesses who testified that Dr. Zimmerman had not been negligent in his treatment of Heatherly. Although all four reviewed Dr. Miller's report and visual field test, they also based their opinions on their extensive review of the reports and tests of numerous treating physicians other than Dr. Miller. Even if Dr. Miller's proffered testimony discredited his own report and test, the defense experts still had ample support for their medical conclusions. The district court's proposal to Heatherly was based on its reasonable conclusion that the costs of interrupting the proceedings would outweigh the probable decisional significance of Dr. Miller's proffered testimony. Accordingly, it did not abuse its discretion by conditioning the admission of Dr. Miller's testimony on Heatherly's agreement to pay Dr. Zimmerman's costs.
 
 
 
 *
 Rogers, Circuit Judge did not participate in this matter
 
 
 [1]
 The court told Heatherly, "Now, you know what would be required at this time in this case to put in new evidence. You know what would be required. So, you can make that judgment. But she would have to pay the defendant for every cent he has put in here for a new trial."
 
 
 [2]
 The court noted that Heatherly's lawyer did not object to Dr. Zimmerman's introduction of Dr. Miller's medical report and visual field test into evidence earlier on the very day that Heatherly sought to call Dr. Miller as a rebuttal witness even though he was aware at that time of Dr. Miller's misgivings about his report and test. J.A. at 101a. Heatherly's lawyer's acquiescence at the time of the introduction of the report and test into evidence further supports our conclusion that the district court's exclusion of Dr. Miller's proffered testimony does not amount to an abuse of discretion
 Furthermore, although the district court excluded Dr. Miller's proffered testimony relating to his visual field test primarily on the ground that it constituted new evidence rather than rebuttal evidence, the court also questioned the probative value of the proffered testimony. Dr. Miller's proffered testimony would have established that the machine he used to administer Heatherly's visual field test was miscalibrated by fifty per cent approximately nine months after he tested Heatherly. The district court noted that Dr. Miller's proffer did not constitute evidence that the machine was miscalibrated at the time of Heatherly's test. J.A. at 122a.