# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2025

Lyle W. Cayce
Clerk

———————————

No. 24-60359

———————————

STEFAN MEDINA, *Medical Doctor*,

> *Plaintiff—Appellant*,

*versus*

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,

> *Defendant—Appellee*.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-502

———————————————————————————

Before SOUTHWICK, OLDHAM, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

An anesthesiology resident took medical leave to care for a family member. Upon his return, he was informed that his contract with the hospital would not be renewed. He sued the hospital alleging it retaliated against him for taking medical leave. After a trial, the jury returned a verdict in the hospital's favor. The doctor moved for a new trial, which the district court denied. We AFFIRM.

———————————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60359

## FACTUAL AND PROCEDURAL HISTORY

Dr. Stefan Medina was an anesthesiology resident at the University of Mississippi Medical Center ("UMMC"). He requested leave under the Family and Medical Leave Act of 1993 ("FMLA") to care for his parents. When he returned from leave, he was informed that the hospital had decided not to renew his employment contract for the next year.

Medina filed suit under the FMLA in the United States District Court for the Southern District of Mississippi. The sole defendant was UMMC. During Medina's case-in-chief in the resulting jury trial, the defense was permitted to call a witness, Dr. Hierlmeier, out of turn. Medina's counsel agreed because he was under the impression other doctors would be called as part of the defense's case and it was necessary to ensure all the doctors would not be absent from the hospital on the same day. After Medina rested, UMMC rested its case without calling more witnesses. Medina then attempted to offer the following rebuttal evidence: (1) an email from a doctor, Dr. Chan, to Dr. Hierlmeier; (2) the depositions of Dr. Chan and another doctor, Dr. Robertson; and (3) testimony from Dr. Chan and Dr. Robertson, who Medina had subpoenaed.

Medina asserted he was entitled to offer the depositions and exhibit and to subpoena the doctors because of the burden-shifting framework in employment discrimination cases. He also argued the depositions were admissible because the deponents were "parties." UMMC objected to the introduction of the email exhibit and depositions and moved to quash the subpoenas. The district court sustained the objections, concluding the exhibit was not proper rebuttal, the depositions were not from "parties" within the meaning of Federal Rule of Civil Procedure 32 or proper rebuttal, and the doctors' testimony would not be proper rebuttal. Given the district court's conclusion regarding rebuttal evidence, it quashed the subpoenas.

2

No. 24-60359

The jury returned a verdict in favor of UMMC. Afterward, Medina moved for judgment as a matter of law or for a new trial. Medina's briefing conceded there was enough evidence to support the jury's verdict but still requested a new trial due to the alleged error in denying his rebuttal evidence. The district court denied the motion, and Medina timely appealed.

## DISCUSSION

We review a district court's denial of a motion for a new trial for an abuse of discretion. *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 614 (5th Cir. 2018). "A district court abuses its discretion if it (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003). "Whether to allow evidence in rebuttal is a matter within the trial court's discretion, reviewable only for an abuse." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991). "Rebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief." *Morgan v. Com. Union Assurance Cos.*, 606 F.2d 554, 555 (5th Cir. 1979). Rebuttal "is not to be used as a continuation of the case-in-chief." *Cates*, 928 F.2d at 685.

Medina argues the central question in this appeal is whether the district court erred in refusing to apply the *McDonnell Douglas* framework to the order of presentation of evidence at trial. According to Medina, the trial should have proceeded as follows: (1) Medina attempts to present a *prima facie* case of discrimination; (2) UMMC offers evidence of a non-discriminatory basis for not renewing his contract; and (3) Medina offers rebuttal evidence to show UMMC's basis was pretextual.

This court decades ago rejected this understanding of different stages of a trial subject to the *McDonnell Douglas* framework. *See Capaci v. Katz & Besthoff, Inc.*, 711 F.2d 647, 663 (5th Cir. 1983). Capaci, like Medina, saw the

3

three *McDonnell Douglas* steps "as corresponding to the three major stages of the traditional trial: plaintiff's case in chief, defendant's case in chief, and plaintiff's rebuttal." *Id.* at 663. We explicitly rejected the proposition that *McDonnell Douglas* "requires presentation of proof in a strictly ordered fashion corresponding to the three traditional stages of trial." *Id.*

Medina urges us to discount our decision in *Capaci* due to the case's unusual circumstances. Capaci's attorney was suspended from practice in the trial judge's court during the defendant's case-in-chief, and so Capaci's rebuttal was presented more than a year later by a new attorney. *Id.* at 662. The new trial attorney attempted to introduce evidence that the trial court determined was available during Capaci's case-in-chief, and therefore the evidence was not proper rebuttal. *Id.* at 662–63. Medina suggests that our acknowledgement that the trial judge believed the new attorney was attempting to relitigate the case with the benefit of a full transcript of the trial is proof that *Capaci* is inapplicable here. We disagree. Our acknowledgement was part of analyzing abuse of discretion *after* we rejected Capaci's *McDonnell Douglas* argument. *Id.* at 664. "*McDonnell Douglas* did not radically alter the ordinary rules of evidence, procedure and practice followed by the courts in all trials." *Id.* at 663. The district court did not err in refusing to have the order of presenting evidence by the parties follow the *McDonnell Douglas* burden-shifting framework.

Medina also argues the district court nevertheless abused its discretion in three ways: (1) quashing trial subpoenas for two doctors; (2) refusing to allow deposition testimony from the two doctors; and (3) refusing to admit the email exhibit.

First, we discuss the trial subpoenas. Medina argues the district court erred in quashing the subpoenas because his counsel relied on opposing counsel's representation that UMMC would be calling the two doctors as

witnesses, which would have allowed him to cross-examine the doctors and refute UMMC's articulated reason for not renewing his contract. Despite any other representations counsel may have made, the pretrial order lists Dr. Chan and Dr. Robertson as "may call" witnesses for the defense, not "will call" witnesses. The pretrial order explicitly stated: "The listing of a WILL CALL witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary." Listing the witnesses as "may call" did not provide the same guarantee. Moreover, these witnesses were available during Medina's case-in-chief and were even listed as "may call" witnesses on his own list. Medina made a strategic decision not to call those witnesses in his case-in-chief because he anticipated the defense would call the witnesses. UMMC chose not to call the witnesses. That is a risk inherent in litigation. Because UMMC called its only witness before Medina rested, there were no new facts for Medina to address on rebuttal. We perceive no abuse of discretion in the district court's decision to quash the subpoenas.

Next, we consider the deposition testimony. Medina argues the deposition testimony should have been permitted under Rule 32(a)(3). The Rule permits an adverse party to "use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(a)(3). Medina offered no support before the district court for his assertion that Dr. Chan and Dr. Robertson were agents, other than his conclusory statement that the doctors were "agents of the party" and "the decision-makers." Regardless, the district court also concluded the depositions were not proper rebuttal evidence. As we have already stated, UMMC did not introduce any new evidence after Medina rested. The

district court did not abuse its discretion by sustaining UMMC's objection to the deposition testimony.

Finally, we consider the exhibit, which was an email from Dr. Chan to Dr. Hierlmeier. Medina's counsel explained that he wanted to introduce the document as "the rebuttal of what [the doctor] said." Counsel admitted, "if I'd thought about it at the time and realized it at the time, I would have asked him about it." The district court concluded it was not proper rebuttal because Medina had the opportunity to cross-examine Dr. Hierlmeier regarding the exhibit but chose not to. The district court did not abuse its discretion in sustaining UMMC's objection to the email exhibit.

AFFIRMED.